# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JANMARION L. LOFTON,

      Plaintiff,

v.

JANESVILLE POLICE DEPARTMENT,
ROCK COUNTY JAIL, and
ROCK COUNTY JAIL MEDICAL,

      Defendants.

OPINION and ORDER

Case No. 19-cv-371-wmc

---

*Pro se* plaintiff Janmarion Lofton, has filed a proposed civil complaint against defendants Janesville Police Department, Rock County Jail and Rock County Jail Medical. Lofton appears to be pursuing claims challenging (1) his October 26, 2018, arrest and (2) the medical care he has received since he has been held at the jail. Because Lofton is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether he may proceed with the case. While Lofton is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit is subject to dismissal.

## OPINION

The initial problem with plaintiff's complaint is that the defendants -- a police department, jail and the medical staff at the jail -- may not be sued under § 1983. *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) (noting that "a police department is not a suable entity under § 1983"); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th

Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Accordingly, these defendants must be dismissed with prejudice.

Furthermore, plaintiff's allegations do not support constitutional claims, at least as currently pled. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*First*, plaintiff seeks to challenge the medical care he has received since his arrest. The Court of Appeals for the Seventh Circuit recently extended the standard set forth by the Supreme Court in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015), analyzing excessive force claims brought by pretrial detainees, to medical care claims brought by pretrial detainees. Specifically, in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit concluded that these claims are governed by the due process clause of the Fourteenth Amendment, and that the standard is whether the defendant's actions were objectively unreasonable given the circumstances. *Id.* at 352-53. Therefore, under *Kingsley* and *Miranda*, the failure to provide medical care violates the Due Process Clause if: (1) the defendant acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendant's conduct was objectively unreasonable. *Id.* While

it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

While plaintiff claims that he did not receive required medications on "several occasions," he has failed to allege any details about his medical condition or identify the medication for the court to determine whether these allegations would support a finding that defendants' actions were objectively unreasonable. More importantly, plaintiff has not alleged that any staff at the jail (medical or otherwise) knew that he needed his medications and either refused to provide them or failed to take reasonable steps to give him the treatment he needed. Without more information about what jail staff either knew or failed to do, the court cannot infer that they acted unreasonably.

*Second*, while lacking in detail, Lofton also seeks to challenge the validity of his October 26, 2018, arrest, claiming that he was illegally stopped, searched and arrested without probable cause because he is African American. He alleges that his family has been torn apart as a result of his arrest. These allegations could implicate his rights under the Fourth and Fourteenth Amendment. However, the court takes judicial notice of the fact that Lofton has been found guilty of violating Wis. Stat. § 961.41(1m)(cm)3, possession with intent to distribute cocaine, and Wis. Stat. § 961.42(1), maintaining a drug trafficking place. *State of Wis. v. Lofton,* No. 2018CF1015 (Rock Cty., filed Oct. 29, 2018), available at https://wcca.wicourts.gov (last visited Aug. 28, 2019). The record of that proceeding indicates that Lofton pled guilty to one of those counts on July 23, 2019, and a judgment of conviction was entered on August 2, 2019. It is unclear whether Lofton is appealing or pursuing post-conviction relief. If, as it appears, this criminal case stems from his October

26 arrest, then the court may need to dismiss this case as to not interfere with those proceedings. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (federal courts should "abstain from interfering with pending state proceedings to enforce a state's criminal laws") (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

For these reasons, the court is dismissing Lofton's complaint, but will give him a short window of time in which to file an amended complaint. In crafting it, Lofton must draft his amended complaint considering the principles and standards laid out above, and write it as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what specific rights were violated; (3) who committed each act; and (4) what relief he wants the court to provide. Lofton should also be mindful that under Federal Rule of Civil Procedure 20, if he asserts claims against multiple defendants, the claims must arise out of the same transaction or occurrence. Since it appears that his arrest and medical care are unrelated, plaintiff may only proceed on these claims in the same lawsuit if they involve at least one common defendant. If Lofton fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Janmarion Lofton's complaint is DISMISSED without prejudice.

2. Plaintiff may have until **November 1, 2019, to submit an amended complaint that complies with Rule 8 and explains whether his arrest is related to his ongoing criminal matter.**

3. Defendants Janesville Police Department, Rock County Jail and Rock County Jail Medical are DISMISSED with prejudice.

Entered this 11th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge